IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARY McNABB, as Executrix of the
Estate of Betty H. Alvis,                                 )
                                                          )
                                                          )
                          Plaintiff,                      )      Civil Case No. 01-1583-KI
                                                          )
             vs.                                          )      OPINION AND ORDER
                                                          )
GLAXOSMITHKLINE, individually and                         )
as successor in interest to SMITHKLINE                    )
BEECHAM CORPORATION, a subsidiary                         )
of SMITHKLINE BEECHAM HOLDINGS                            )
CORPORATION, NOVARTIS AG,                                 )
NOVARTIS CORPORATION,                                     )
NOVARTIS CONSUMER HEALTH,                                 )
INC.; and NOVARTIS                                        )
PHARMACEUTICALS CORPORATION,                              )
PFIZER, INC., a subsidiary of WARNER-                     )
LAMBERT, individually and as successor                    )
in interest to PARKE-DAVIS, INC.,                         )
                                                          )
                          Defendants.                     )
_____                 )

Page 1 - OPINION AND ORDER

Mary McNabb
Executrix for the Estate of Betty Alvis
2016 Sand Street
Kingsport, Tennessee  37660

       Pro Se Plaintiff

Bruce C. Hamlin
Lane Powell P.C.
601 S. W. Second Avenue, Suite 2100
Portland, Oregon  97204-3158

Glenn J. Pogust
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022-3598

       Attorneys for Defendant Novartis Consumer Health, Inc.

William B. Crow
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. 5th Avenue, Suite 1900
Portland, Oregon  97204

       Attorney for Defendant GlaxoSmithKline

KING, Judge:

Betty Alvis brought a products liability suit against Smithkline Beecham Corporation,

Novartis Consumer Health, Inc. and related entities ("Novartis"), Warner-Lambert Company and

Pfizer, Inc. in October 2001.  Mary McNabb, as the Executrix of the Estate of Betty Alvis, filed a

Motion for Change of Venue (#22).

## FACTUAL AND PROCEDURAL BACKGROUND

Alvis's products liability suit was transferred from this court into multidistrict litigation

in the United States District Court for the Western District of Washington in January 2002, and

Page 2 - OPINION AND ORDER

was remanded to this court in January 2006. On March 15, 2006, I granted the motion of

attorney Thomas Powers of Williams Love O'Leary Craine & Powers, PC, of Portland, Oregon,

to withdraw as counsel to McNabb and the Alvis estate. On April 13, 2006, McNabb, *pro se*,

filed a Motion for Change of Venue to the United States District Court for the Eastern District of

Tennessee. McNabb resides in that district.

Novartis asked the court to stay consideration of McNabb's motion and filed a Motion to

Enforce Settlement Agreement on April 28, 2006. After issuing an Opinion and Order deferring

ruling on Novartis' motion pending an evidentiary hearing, I subsequently issued an order

denying the motion as moot on the report of the parties that the case was settled as to Novartis.

## LEGAL STANDARDS

28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district or division where it
> might have been brought.

The purpose of § 1404(a) is to prevent waste of time, energy and money and to protect litigants,

witnesses and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack,

376 U.S. 612 (1964).

## DISCUSSION

Plaintiff has settled her claim against defendant Novartis. Plaintiff and defendant Pfizer,

a subsidiary of Warner-Lambert, stipulated to a dismissal with prejudice of plaintiff's claim on

November 25, 2002. The remaining defendant GlaxoSmithKline, as successor in interest to

Smithkline Beecham Corporation and related parties, consents to the transfer of venue.

Plaintiff's motion is based on the fact that the original cause of the complaint arose in Tennessee, that witnesses are located there, that plaintiff's representative is disabled and unable to travel to Oregon, and the plaintiff's representative is not in a position to interview and retain counsel in Oregon.

Based on plaintiff's reasons, and in particular the fact that "a substantial part of the events or omissions giving rise to the claim occurred" in Tennessee, as well as the fact that the remaining defendant does not object, I grant plaintiff's motion to transfer venue to the Eastern District of Tennessee.  See 28 U.S.C. § 1391(a)(2).

## CONCLUSION

Plaintiff's Motion to Change or Transfer Venue (# 22) is granted.

IT IS SO ORDERED.

Dated this _____16th_____ day of October, 2006.


    /s/ Garr M. King
Garr M. King
United States District Judge

Page 4 - OPINION AND ORDER